IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT G. AGUILAR, JR., | No.  CIV.S-03-1903 WBS DAD PS |
| Plaintiff, | |
| | FINDINGS AND RECOMMENDATIONS |
| v. | |
| JO ANNE B. BARNHART, Commissioner of Social Security, | |
| Defendant. | |

This social security matter is before the court on defendant's motion to dismiss, which the undersigned has construed as a motion for summary judgment.  The motion was submitted on the record and papers on file without oral argument.  For the reasons set forth below, the undersigned will recommend that defendant's motion be granted and that this action be dismissed.

**BACKGROUND**

Plaintiff, proceeding pro se, initiated this action by filing his complaint on September 5, 2003.  In response, defendant

1

filed the instant motion seeking dismissal of the complaint on the grounds that it was filed beyond the sixty-day statute of limitations period provided by 42 U.S.C. § 405(g).[1]  The court concludes that defendant has accurately interpreted plaintiff's somewhat difficult to decipher complaint as seeking review of a June 19, 2003, final decision denying plaintiff's applications for Disabled Insurance Benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act, respectively.  Defendant has neither filed an answer nor lodged the transcript of administrative proceedings in light of the pending motion.

Plaintiff responded to defendant's motion by filing a brief written opposition thereto.  In that opposition plaintiff indicates that he had "good reason" for waiting more than sixty days to appeal the final decision denying him benefits.  It thus appears that

---

[1] Defendant styled her motion as a motion to dismiss, but the undersigned has construed it as a motion for summary judgment because it relies on materials outside of the pleadings. See Fed. R. Civ. P. 12(b).  The court has considered whether the parties are entitled to additional notice regarding this conversion of defendant's motion to dismiss to one for summary judgment. See id. (requiring "all parties shall be given reasonable opportunity to present all material made pertinent to" a converted motion).  However, both parties' submission of extrinsic evidence for the court's consideration in connection with the motion demonstrates that they have sufficient constructive notice in this regard. See In re Rothery, 143 F.3d 546, 549 (9th Cir. 1998)("A party is 'fairly appraised' that the court will in fact be deciding a summary judgement motion if that party submits matters outside the pleadings to the judge and invites consideration of them."); Grove v. Mead Sch. Dist. No. 354, 753 F.2d 1528, 1532-33 (9th Cir. 1985); David v. City and County of Denver, 101 F.3d 1344, 1352 (10th Cir. 1996)("The required notice may be actual or constructive, and in some circumstances, courts have concluded that the submission of evidentiary materials by the movant, the nonmovant, or both of them constitutes sufficient notice.").  Therefore, no additional notice is necessary.

1 plaintiff opposes the motion on the grounds that equitable
2 considerations warrant the tolling of the statute of limitations in
3 his case.

## SUMMARY JUDGMENT STANDARDS

Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); see also Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970); Owen v. Local No. 169, 971 F.2d 347, 355 (9th Cir. 1992).

> The party moving for summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

## ANALYSIS

42 U.S.C. § 405(g) provides, in relevant part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of

1           such decision or within such further time as the
2           Commissioner of Social Security may allow.

3  Here, the Commissioner's decision denying plaintiff's applications
4  for benefits became final on June 19, 2003.  In this regard, the
5  Appeals Council denied plaintiff's request for review by letter dated
6  June 19, 2003.  (See Decl. of Joan Devera, Ex. 2, attached to Mem. in
7  Supp. of Def.'s Mot. for Summ J.)  That letter properly advised
8  plaintiff that he had sixty days from his receipt of that letter to
9  commence a civil action, with the date of receipt presumed to be five
10 days from the date of the letter.  (See id.)  Thus, to be timely,
11 plaintiff's complaint had to be filed on or before August 25, 2003.
12 However, plaintiff did not initiate this action by filing his
13 complaint until September 5, 2003.

14         The parties do not dispute that the complaint is untimely
15 on its face, having been filed more than sixty days after the June
16 19, 2003, final decision denying plaintiff's claim.  Rather, the
17 issue presented is whether equitable tolling of the sixty-day statute
18 of limitations is warranted under the facts of this case.

19         The sixty day period is not jurisdictional, but rather is
20 a statute of limitation.  Bowen v. City of New York, 476 U.S. 466,
21 479 (1986).  Because it is a condition precedent to the waiver of
22 sovereign immunity, however, it is to be strictly construed.  City of
23 New York, 476 U.S. at 479.  Thus, while this statute of limitations
24 is subject to equitable tolling such tolling is appropriate only "in
25 the rare case."  Id. at 481.  Accordingly, equitable relief in this
26 context is available only "where the equities in favor of tolling the

4

1  limitations period are 'so great that deference to the agency's
2  judgment is inappropriate.'" <u>Id</u>. at 480 (quoting <u>Mathews v.</u>
3  <u>Eldridge</u>, 424 U.S. 319, 330 (1976)). <u>See also</u> <u>Banta v. Sullivan</u>, 925
4  F.2d 343, 346 (9th Cir. 1991). For these reasons it has been
5  recognized that "[t]he task of showing a basis for equitably tolling
6  the statute of limitations may also prove to be daunting." <u>Vernon v.</u>
7  <u>Heckler</u>, 811 F.2d 1274, 1278 (9th Cir. 1987).

8        Here, no facts justifying equitable tolling have been
9  presented. Plaintiff merely asserts that he "was subjected to
10 unforseen circumstances of finding out that he had diabetes as of
11 June 23, 2003. This caused obstacles beyond his knowing, thus
12 causing a delay in the filing." (Pl.'s Mem. at 1.) However,
13 plaintiff offers no further details regarding the extent of his
14 alleged medical condition nor how that condition impacted his ability
15 to pursue his claim for benefits by filing a timely request for
16 review. The only medical evidence offered by plaintiff in response
17 to defendant's motion is the lab report of a blood test apparently
18 indicating that plaintiff indeed suffers from diabetes. Such a
19 showing is insufficient to establish a basis for equitable tolling.
20 <u>Cf</u>. <u>Udd v. Massanari</u>, 245 F.3d 1096, 1100 (9th Cir. 2001) (finding
21 "overwhelming evidence" in medical records that plaintiff lacked the
22 mental capacity to understand the procedures for review, including
23 evidence of schizophrenia, visual and auditory hallucinations, and
24 loss of control of arms and legs).

25       Moreover, plaintiff has cited no authority for the
26 proposition that a mere diagnosis of a medical condition such as

5

diabetes is sufficient to toll the statute of limitations. Indeed, if such were the case, the limitations period would be rendered meaningless with respect to nearly all disability claimants.

Finally, the court notes that once the statute of limitations had expired defendant was entitled to expect that a claim regarding the denial of plaintiff's applications would not have to be defended against. See Anderson v. Air West, Inc., 542 F.2d 522, 525 (9th Cir. 1976)("Once the statute has run, a potential defendant who has not been served is entitled to expect that he will no longer have to defend against the claim."). Requiring defendant to mount a defense beyond the expiration of the statute of limitations would be inconsistent with the Supreme Court's recognition that "the statute of limitations embodied in § 405(g) is a mechanism by which Congress was able to move cases to speedy resolution in a bureaucracy that processes millions of claims annually." City of New York, 476 U.S. at 481. See also Banta, 925 F.2d at 346 (Congress intended the sixty day time limit to compress the time for judicial review); Matlock v. Sullivan, 908 F. 2d 492, 494 (9th Cir. 1990)(same).

Accordingly, the undersigned will recommend that plaintiff's complaint be dismissed as time-barred.

### **CONCLUSION**

For the reasons set forth above, the undersigned HEREBY RECOMMENDS that:

1. Defendant's motion to dismiss, which the undersigned has construed as a motion for summary judgment, be granted; and

/////

6

1          2.   This action be dismissed as barred by the applicable statute of limitations.

    These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within ten days after being served with these findings and recommendations, any party may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 5, 2005.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:th
Ddad1/orders.socsec/aguilar1903.f&r